UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LANDON LUCKERT,<br>Plaintiff,<br>v.<br>WELLS FARGO BANK, et al.,<br>Defendants. | Case No. 25-cv-02842-AMO<br><br>**SCREENING ORDER**<br>Re: Dkt. No. 2 |

Before the Court is self-represented Plaintiff Michael Landon Luckert's application to proceed in forma pauperis ("IFP"), meaning without prepayment of fees or security. ECF 2. Having considered the papers, the Court **GRANTS** the IFP application. The Court further screens the Complaint (ECF 1) pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and determines that it fails to state a claim on which relief may be granted and must be dismissed.

**I.  IN FORMA PAUPERIS**

A court may allow a plaintiff to prosecute an action without prepayment of fees or security if the plaintiff submits an affidavit showing that they are unable to pay such fees or provide such security. *See* 28 U.S.C. § 1915(a). Having evaluated Luckert's financial affidavit, the Court finds that he satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a) and **GRANTS** his application to proceed IFP.

**II.  SCREENING THE COMPLAINT**

The Court's grant of Luckert's application to proceed IFP, however, does not mean that he may continue to prosecute the Complaint. The Court must screen the Complaint to assess whether it presents sufficient factual matter to proceed. The Court remains under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that "the action

or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### A. Legal Standard

In screening an IFP complaint under Section 1915(e)(2)(B), courts assess whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Federal courts liberally construe complaints filed by self-represented plaintiffs. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A self-represented plaintiff need only provide defendants with fair notice of their claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. A self-represented plaintiff need not plead specific legal theories so long as sufficient factual averments show that they may be entitled to some relief. *Id.* at 1041.

Courts can dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). A court can also dismiss a complaint where it is based solely on conclusory statements, bare assertions without any factual basis, or allegations that are not plausible on their face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam). Ordinarily courts give an IFP plaintiff leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin*, 745 F.2d at 1235 n.9.

In addition, under Article III of the U.S. Constitution, federal district courts have "limited jurisdiction" – meaning they can only hear specific types of cases. If the court can hear a case, it is said to have "subject matter jurisdiction." In most cases, federal subject matter jurisdiction is premised on: (1) diversity jurisdiction or (2) federal question jurisdiction. A district court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332. Parties are diverse only when the parties are "citizens of different states." *Id*. As for federal question jurisdiction, federal courts have subject matter jurisdiction over civil actions "arising under the Constitution, laws, or

2

treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law and triggers federal question jurisdiction if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. *Vaden v. Discovery Bank*, 556 U.S. 49, 60 (2009) (2009) (noting that "a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].' "). This Court has an independent duty to consider its own subject matter jurisdiction and must dismiss an action over which it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3).

### B. Analysis

On March 26, 2025, Luckert filed his complaint against Wells Fargo Bank and Angela Gora, seeking certain assets of his deceased mother. Complaint ("Compl.") ECF 1. Luckert alleges that Defendant Angela Gora prevented him from caring for and contacting his hospitalized mother prior to his mother's death, and that following her death, Gora took Luckert's inheritance and failed to respond to Luckert's attempts to contact her. Compl. at 7. Luckert contends further that Defendant Wells Fargo helped sell his mother's house, possesses "finances" that should have gone to him after her death, and refuses to give him any information without an official copy of his mother's death certificate. Compl. at 4, 6. Luckert seeks the return of his mother's property, or, alternatively, the proceeds from its sale along with the money that could have been earned through renting it out since her passing. Compl. at 8. Additionally, he seeks the funds held in his mother's bank accounts and the value of her stock market holdings. *Id.*

Luckert avers that this case belongs in federal court under federal question jurisdiction, citing to 25 U.S.C. § 2206, Rule 71.1 of the Federal Rules of Civil Procedure, and 26 C.F.R. § 1.856-10. Compl. at 2, 6. Luckert has failed to show that any of those authorities establish jurisdiction over this matter. Section 2206 of Title 25 of the U.S. Code is a provision of the Indian Land Consolidation Act titled "Descent and Distribution," which governs the succession of Indian lands. Luckert does not specify which provision of the statute is relevant here, nor has he alleged that this action involves any person or property governed by the statute. Luckert has therefore not pleaded any facts showing how 25 U.S.C. § 2206 provides a cause of action for the alleged wrongful deprivation of his inheritance. Additionally, Federal Rule of Civil Procedure 71.1

3

1  "governs proceedings to condemn real and personal property by eminent domain" and 26 C.F.R.
2  § 1.856-10 defines real property for the purposes of the Internal Revenue Code, Treas. Reg.
3  § 1.856-10. Neither give rise to a private cause of action or a federal question that would support
4  the Court's subject matter jurisdiction over the case. *See* 28 U.S.C. § 1331; *Robertson v. Cath.*
5  *Cmty. Servs. of W. Washington*, No. 22-35965, 2023 WL 3597383, at *1 (9th Cir. May 23, 2023).
6  Therefore, Luckert has failed to establish that federal question exists here.

7  The Court likewise cannot conclude that diversity jurisdiction exists. Luckert contends
8  that he is entitled to sale proceeds from his mother's property, which he asserts was worth
9  $1,800,000, but he alleges no facts to support this claim, Compl. at 3, and "[c]onclusory
10 allegations as to the amount in controversy are insufficient," *Matheson v. Progressive Specialty*
11 *Ins. Co.*, 319 F.3d 1089 (9th Cir. 2003). Regardless, Luckert fails to allege any facts related to the
12 citizenship of Defendants, so the Court cannot assess whether the parties are diverse. Thus, the
13 Court cannot find that diversity jurisdiction exists here.

14 Because Luckert fails to show that the Court has federal question jurisdiction or diversity
15 jurisdiction over this matter, the Court must conclude it does not have subject matter jurisdiction
16 and dismiss the Complaint.

### III. CONCLUSION

18 For the reasons stated above, the Court finds that it lacks subject matter jurisdiction over
19 the action as currently pleaded. Accordingly, the Court **DISMISSES** Luckert's Complaint with
20 leave to amend. Luckert **SHALL FILE** an amended complaint on or before **September 23, 2025**.
21 The amended complaint must comply with the guidelines set forth in Rule 8(a). This Rule
22 requires that a complaint for relief include (1) a short and plain statement of the grounds for the
23 court's subject matter jurisdiction on either federal question or diversity grounds; (2) a short and
24 plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the
25 relief sought. Fed. R. Civ. P. 8(a).

26 Separately, Luckert filed a motion for an extension of time to submit a case management
27 statement. ECF 16. Because the Court vacated the initial case management conference, *see* ECF
28 15, Luckert's motion is **DENIED AS MOOT**. Luckert has also filed a motion to compel

4

Defendants to respond to his discovery requests, ECF 17, which the Court likewise **DENIES AS MOOT** because Defendants have not yet been properly served.

The Court encourages Luckert to avail himself of the resources available to self-represented litigants, which he can access by vising the Court's website at http://cand.uscourts.gov/pro-se-litigants/.  Luckert may schedule an appointment with an attorney, free of cost, by calling the Court's Legal Help Center at 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: August 19, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**